PETRA M. REINECKE (CSBN 154482)
LAW OFFICES OF PETRA M. REINECKE
201 California Street, Suite 450
San Francisco, CA 94111
Telephone: (415) 591-1102
Facsimile: (415) 358-4770
E-mail: pmrlawoffices@gmail.com

Attorney for Plaintiff
GUOHUA (DAVIS) XIE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GUOHUA (DAVIS) XIE,<br><br>Plaintiff,<br><br>vs.<br><br>YEAR UP BAY AREA and<br>FOOTHILL-DEANZA COMMUNITY<br>COLLEGE DISTRICT,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983), NEGLIGENCE, INTENTIONAL INTERFERENCE WITH PROSPECTIVE ADVANTAGE, AND PETITION FOR WRIT OF MANDAMUS**<br><br>Jury Trial Demanded |

Plaintiff GuoHua (Davis) Xie alleges:

<u>THE PARTIES</u>

1.      Plaintiff is a resident of San Francisco, California of Chinese origin.

2.      Plaintiff is informed and believes that defendant Year Up Bay Area is a local chapter of Year Up, a nonprofit organization based in Boston, Massachusetts. Year Up Bay Area is based on San Francisco. Year Up's stated mission is "to close the Opportunity Divide by providing urban young adults with the skills, experience, and support that will empower them to reach their potential through professional careers and higher education." Year Up Bay Area's website states that is a one-year, intensive training program that provides low-income young adults, ages 18-24, with a combination of hands-on skill development, college credits, and corporate internships.

3.      Plaintiff is informed and believes that defendant Governing Board of the Foothill-DeAnza Community College District ("Foothill-DeAnza District") is a public entity created pursuant to the provisions of California Education Code Section 70902. Foothill-DeAnza District established and maintains Foothill Community College located in Los Altos Hills, California, and DeAnza Community College located in Cupertino, California, providing credit courses of instruction and educational programs pursuant to said provisions.

4.      Plaintiff is informed and believes, and therefore alleges that the Defendants herein were at all times relevant hereto acting in concert, partnership or other affiliation such as to render each the agent, partner and co-conspirator of the other, and was acting within the course and scope of such relationship.

<u>JURISDICTION</u>

5.      Plaintiff's claims herein arise under to the Constitution and laws of United States. As such, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331.

<u>VENUE</u>

6.      Venue lies in this district pursuant to 28 U.S.C. §1391(b)(1) and (2), in that defendants reside, have offices and agents in, and do business in this district, and the acts giving rise to Plaintiff's claims occurred in this district.

<u>FACTS RELATING TO ALL CAUSES OF ACTION</u>

7.      Plaintiff has complied with any and all applicable governmental claims statutes. Plaintiff submitted a Government Claim to defendant Foothill-DeAnza District on January 28, 2016. Plaintiff's claim was rejected by operation of law as verified by correspondence from defendant Foothill-DeAnza District dated March 19, 2016.

8.      Plaintiff moved to San Francisco in March of 2010. Since that time, Plaintiff has been, and is currently, a resident of San Francisco.

9.      Plaintiff applied for and was accepted into the Year Up program in March, 2014. Plaintiff enrolled in the Year Up program for 2014-2015.

10.     At the same time, Plaintiff was also enrolled as a full-time student at City College of San Francisco ("CCSF"), a fact Plaintiff disclosed to Year Up. At the time he applied with and

enrolled in Year Up, he was specifically informed, and understood, that the Year Up program consisted of training classes and an internship, with the opportunity to also earn college credits. The sequence of the program was training, internship, and then, after placement in the internship, enrollment in college classes through Foothill College.

11.     Plaintiff understood that he had to complete the training and be in good standing to qualify for the internship, but it was never disclosed to him at any point before, during or after his enrollment in Year Up that he would be graded academically on any portion of the training. On the contrary, he was advised and specifically understood that Year Up was not going to grade its trainees academically while they were completing the training portion of the Year Up program. Nothing in the application or orientation process, nor anything communicated to him during the training by Year Up or Foothill, contradicted this understanding.

12.     Plaintiff maintained this understanding throughout his time in the Year Up program for numerous reasons, including the following. First, the training classes were informal and were not taught by certified instructors. Instead, they were often led by guest instructors, who came to provide training for a week or two. For example, a trainee who had just finished the program came in to lead it for two weeks. There was often no consistent instructor. There was no syllabus for any of the training classes, and no grading guidelines were given. There were neither mid-terms nor final exams for the training classes. Most had no written assignments, but only requests to watch YouTube videos. As noted, Plaintiff was enrolled in CCSF and thus had experience in taking college classes, and the manner in which they were taught and graded, with disclosure of the course materials and requirements. By contrast, the training program did not include any of these indicia and characteristics. Plaintiff did not receive any notice that a grading process would be employed at all at any time before or during the training program from either Year Up or Foothill. And he received no notice from Foothill that he was enrolled in Foothill coursework.

13.     Further, after completing the training portion of the program and being placed in an internship with Salesforce, Plaintiff was informed by Year Up that now they would assist him with enrolling in classes through Foothill College. This was consistent with the representations made by Year Up that students would have the opportunity to take college classes for credit, and that Year

Up would assist with that. It was only at this point in time that Plaintiff received email correspondence about signing up for Foothill classes, and instructions on how to do so. Plaintiff in fact earned a $500 scholarship award based on his submission of his <u>plan</u> for pursuing higher education in the future after he finished his internship. Plaintiff enrolled in one Foothill class, Introduction to College, and earned an A- in that class. Plaintiff did not elect to avail himself of the opportunity to take further academic classes through Foothill, because he was already enrolled and carrying a full load at CCSF and neither needed the credits nor had time for additional classes.

14.     It was not until after Plaintiff completed his internship and the Year Up program (and while he was preparing to apply for transfer from CCSF to a UC) in October 2015 that he learned of his Foothill academic transcript and the fact that it reflected five courses he had supposedly taken through Foothill prior to the Introduction to College class, with a grade assigned to each. Five courses apparently cobbled together from the training period appear on his transcript, despite the fact neither the course titles nor the grades awarded track his training work, and he had neither enrolled in any Foothill courses nor ever been to either the Foothill campus or any of its online programs. The material taught in the Year Up training classes does not match the course descriptions on the Foothill College web site, and neither the grades posted on Schoology nor the number and names of the courses Plaintiff is now alleged to have taken match Plaintiff's training classes. It is clear that whatever grading system was applied to determine Plaintiff's posted grades was arbitrary, unclear and unfair.

15.     Plaintiff protested his grades and the arbitrary grading procedures apparently used, which will have a hugely negative impact on his chances of acceptance at a UC or other four-year university for the remainder of his academic career, and his job prospects thereafter, to both YearUp and Foothill. Because Plaintiff was not notified, in advance or otherwise, that the courses would be graded and the method by which they would be graded, and the grading method used was arbitrary and unfair as it was applied to him, he requested that his Foothill grades and alleged courses be removed from his academic record.

16.     In response, Year Up asserted that Plaintiff was told that he would be graded, that there was "transparency" and access to grades through "Schoology" and that the grades were

"directly transferred to [his] Foothill transcripts." However, there are many reasons why this is not so. First, it appears that Foothill students' grades are provided through Etudes, not Schoology. The one Foothill course in which Plaintiff actually enrolled, "Introduction to College," was through MyEtudes (https://myetudes.org/portal), not Schoology. Plaintiff was aware that his training program work was being posted to Schoology, but had no notice that any of the training work would be translated to Etudes (for which he had not registered) or in any way graded by Foothill. Moreover, looking at Schoology, the grades indicated for Plaintiff do not track the grades now indicated on Plaintiff's transcript. For example, for several of the courses for which grades now appear on Plaintiff's transcript, Schoology shows no grade but instead indicates "N/A" in lieu of a grade. There is no indication of how a grade was determined for inclusion on Plaintiff's transcript. Further, Schoology shows a total of twelve courses for Plaintiff, but only five of those courses appear on Plaintiff's Foothill College transcript.

17.     In addition to this confusing and muddled tracking of Plaintiff's grades, the manner in which the grades were awarded in individual classes is not just unclear but unfair. For example, in one class, it appears that just one single assignment was graded, despite the fact that Plaintiff completed and turned in the three other course assignments. Plaintiff's grade for the class was apparently based on that single assignment, for which he received a score of 75%, which apparently translated to a "C" on his transcript. There is no explanation for the fact that the grade for the entire class was based on a single assignment, and certainly no disclosure or advance warning of that fact to Plaintiff. Other examples of haphazard and unfair grading procedures can be seen in the fact that Plaintiff's grade for a course entitled YUSFO BC LCOA Jan 2015 is 80.3%, but there were four assignments in that class, none of which were ever graded.

18.     As a result, it is baffling and unclear how a grade of 80.3% was assigned to Plaintiff by Foothill for inclusion on his academic transcript. Comparing his performance to other trainees in Year Up's program, it is apparent that the way that Plaintiff's grades were translated from Schoology to his Foothill transcript were, at best, erroneous, and, at worst, discriminatory. Other students received similar or worse grades during the training as posted on Schoology, but better grades on their Foothill transcripts.

19.    Plaintiff's reasonable understanding and expectation, based on the representations made to him by Year Up, were that he would elect to take college courses towards the end of the Year Up program, but not that his unstructured training classes would constitute those courses and would be graded and transferred to his academic transcript. The arbitrary, capricious and unsubstantiated manner in which the grades were awarded constitute a denial of Plaintiff's due process rights under the United States Constitution, and a denial of access to the educational rights guaranteed to students under California Education Code §§48205 et seq. These improper actions have resulted in the arbitrary, capricious and unsubstantiated lowering of his grade point average, which has and will continue to damage his academic standing, future college admissions, scholarships and employment opportunities.

20.    Plaintiff appealed to defendant Foothill-DeAnza District for redress, requesting that the incorrect courses and grades be stricken from his academic transcript. Plaintiff and his counsel provided defendant Foothill-DeAnza District with the facts and evidence supporting Plaintiff's position, both in writing and verbally, on numerous occasions in November and December 2015, including a letter dated November 13, 2015, from Plaintiff's counsel to Nazy Galoyan, Dean of Enrollment Services. Foothill-DeAnza District, directly and indirectly, by response or lack of response, indicated that it was unwilling to make any changes to Plaintiff's academic record.

21.    By failing to properly and adequately supervise the manner in which a training program administered through Year Up could be translated into graded Foothill coursework without notice to the student or disclosure of the grading process and requirements, and by its failure to take action to remedy the errors in Plaintiff's academic record once notified, Foothill-DeAnza District has intentionally deprived Plaintiff of his civil rights and wrongfully interfered with Plaintiff's current and future reputation and economic advantage. Plaintiff has already lost the opportunity to apply for transfer for the 2016-2017 academic year. Foothill-DeAnza District's actions and omissions have further caused Plaintiff worry, stress and other emotional distress, which is ongoing and will continue until this unfair situation is remedied.

## FIRST CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS – 42 U.S.C. §1983)

22.     Plaintiffs incorporate as though fully set forth herein the allegations of paragraphs 1 through 21.

23.     At all times states herein, defendants acted with callous indifference to Plaintiff's civil rights. Defendant Year Up failed to adopt and implement policies and procedures necessary to ensure access to the educational rights guaranteed to students under California Education Code §§48205 et seq. Defendant Foothill-DeAnza District impermissibly gave defendant Year Up and its unaccredited training instructors unfettered discretion as to whether or not to implement the rights Plaintiff is guaranteed under California Education Code §48205, and failed to supervise and monitor whether such rights were being denied to Plaintiff. Defendants Foothill-DeAnza District and Year Up acted with callous disregard for Plaintiff's due process, procedural and substantive rights by failing to provide a reasonable procedure to Plaintiff for the remediation and resolution of the denial of his educational rights.

24.     Plaintiff has a constitutionally protected property interest in obtaining a grade he earned. Plaintiff's due process property interest was created by existing rules and understandings that stem from school rules, district rules, state law and other rules and understandings that provide benefits to students who earn them and prevent arbitrary and capricious discrimination against students on any basis.

25.     Defendants deprived Plaintiff of that interest without due process of law, in violation of the requirement that "a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985). Such deprivation was enabled, condoned, and perpetuated by both defendants.

26.     The conduct of defendants was "arbitrary, or conscience shocking, in the constitutional sense." *Collier v. City of Harker Heights*, 503 U.S. 115, 128 (1992). The manner in which Plaintiff's grades were translated by defendants from Year Up's training coursework to his academic transcript was arbitrary and erroneous. In addition, defendants' conduct was

discriminatory. Other students received similar or worse grades during the Year Up training, but better grades on their Foothill academic transcripts.

27.     As a proximate result of defendants' actions as alleged herein, Plaintiff has been harmed in that he did not receive the grades he earned, resulting in the lowering of his grade point average, damage to his academic standing, future college admissions, scholarships and employment opportunities, and worry, stress and other emotional distress.

28.     As a further proximate result of defendants' conduct, Plaintiff was required to retain legal counsel, entitling him to an award of attorney's fees in an amount according to proof.

29.     Plaintiff is entitled to declaratory and injunctive relief, including a declaration that defendants have violated his civil rights, permanently enjoining defendants from engaging in the prohibited conduct, and mandating that defendants remedy their illegal and improper conduct by striking the incorrect courses and grades from Plaintiff's academic transcript.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE)

30.     Plaintiffs incorporate as though fully set forth herein the allegations of paragraphs 1 through 29.

31.     Defendants had a duty to Plaintiff to ensure that he had access to the educational rights guaranteed to students under California Education Code §§48205 et seq. Defendants, in failing to adopt, implement, supervise and monitor policies and procedures necessary to ensure Plaintiff's fair access to educational rights, breached their duty of care to Plaintiff, and negligently deprived him of his educational rights.

32.     The actions of defendants as described herein were the proximate cause of damages suffered by Plaintiff, including, but not limited to, current and prospective economic harm as a result of the lowering of his grade point average, damage to his academic standing, future college admissions, scholarships and employment opportunities, and worry, stress and other emotional distress.

**THIRD CAUSE OF ACTION**

**(INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE)**

33.     Plaintiffs incorporate as though fully set forth herein the allegations of paragraphs 1 through 32.

34.     By their actions as alleged herein, including the course of events which resulted in incorrect and unearned grades being placed on Plaintiff's academic transcript, and their failures to remedy the error once notified, defendants have intentionally and wrongfully interfered with Plaintiff's current and future reputation and economic advantage.

35.     Defendants' actions as alleged herein have damaged Plaintiff's academic standing, future college admissions, scholarships and employment opportunities. Such harm is continuing.

36.     Defendants' conduct as alleged herein was willful and intentional and was engaged in with the knowledge of and intent to harm Plaintiff's academic standing, future college admissions, scholarships and employment opportunities. Defendants acted with malice, oppression or fraud, entitling Plaintiff to an award of punitive damages in an amount according to proof.

**FOURTH CAUSE OF ACTION**

**(PETITION FOR ADMINISTRATIVE MANDAMUS)**

37.     Plaintiffs incorporate as though fully set forth herein the allegations of paragraphs 1 through 36.

38.     Defendants' actions have denied Plaintiff due process in the determination of his grades, and have resulted in the arbitrary, capricious and unsubstantiated lowering of his grade point average. Plaintiff hereby requests that this Court issue a writ of administrative mandamus, and order that the incorrect courses and grades be stricken from his academic transcript by defendants.

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For general and special damages in a sum according to proof;

2.     For an order that the incorrect courses and grades be stricken from Plaintiff's academic transcript;

3.      For reasonable attorney's fees pursuant to statute;

4.      For punitive damages in an amount according to proof;

5.      For costs of suit herein incurred; and

6.      For such other and further relief as the Court deems appropriate.


<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all causes of action to which such right attaches.


DATED: April 20, 2016

_____
PETRA M. REINECKE
Attorney for Plaintiff
DAVIS XIE